UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MY DAILY CHOICE, INC., <br>    Plaintiff(s), <br> v. <br> WILLIAM T. BUTLER, et al., <br>    Defendant(s). | Case No. 2:20-cv-02178-JAD-NJK <br> **Order** <br> [Docket No. 37] |

Pending before the Court is Plaintiff's motion to compel discovery. Docket No. 37. Defendants filed a response in opposition. Docket No. 39. Plaintiff filed a reply. Docket No. 41. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED** in part and **DENIED** without prejudice in part.

**I.    BACKGROUND**

Plaintiff is in the direct sales industry, selling "a line of high-quality hemp-derived products." Docket No. 1 at ¶ 7. William and Kristen Butler had been affiliated with Plaintiff, but eventually formed their own competing company. *See, e.g.*, *id.* at ¶¶ 25, 27. That corporate breakup prompted this lawsuit,[1] through which Plaintiff brings claims for breach of contract, tortious interference with contract, and copyright infringement. *See* Docket No. 1 at ¶¶ 47-66.

In January 2021, Plaintiff served requests for production of documents on Defendants. *See* Docket No. 37 at 9-10. In February 2021, Defendants responded to those requests for production by producing five videos and 159 pages of documents, along with objections and other written responses to the requests. *See id.* at 10-11. The parties are now before the Court on the parties' dispute as to the sufficiency of Defendants' production and responses.

---

[1] This is actually one of several related lawsuits. *See* Docket No. 28.

## II. STANDARDS

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). Discovery is limited to any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

"The discovery process in theory should be cooperative and largely unsupervised by the district court." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1219 (9th Cir. 2018). When an amicable resolution to a discovery dispute cannot be attained, however, a party seeking discovery may move the Court to issue an order compelling that discovery. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why that discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

## III. ANALYSIS

The instant briefing raises several distinct issues, which the Court will address in turn.

### A. Search Descriptions

The overarching dispute before the Court is whether Defendants must come forward with a detailed explanation of the searches they conducted for responsive documents. Pointing to the paucity of the production made and the absence of responsive documents that are obviously in existence, Plaintiff argues that generalized assertions of diligent searches by Defendants are insufficient. Docket No. 37 at 19-21. Defendants respond that they have searched for documents in good faith, that Plaintiff could have propounded an interrogatory to obtain search information, and that they have located responsive documents after the motion to compel was filed that will be produced. *See, e.g.*, Docket No. 39 at 7-9, 10. Plaintiff has the better argument.

This Court previously described the standards governing this issue as follows:

> When no responsive documents are found or a dispute arises out of the completeness of the production that is made, the [responding party] must come forward with an explanation of the search conducted "with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence." *Rogers v. Giurbino*, 288 F.R.D. 469, 485 (S.D. Cal. 2012). Information regarding the search conducted should be provided through a declaration under oath detailing the nature of the efforts to locate responsive documents. *Meeks v.*

>*Parsons*, Case No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *4 (E.D. Cal. Sept. 18, 2009). Such declaration must address the inquiry made on a request-by-request basis. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 190 (C.D. Cal. 2006).

*V5 Techs. v. Switch Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019) (short-citations elongated);[2] *see also MetroPCS v. A2Z Connection, LLC*, 2020 WL 127550, at *2 (D. Nev. Jan. 10, 2020).

Relief is warranted in this case. First, Defendants' production raises legitimate concerns about completeness. *See, e.g.*, Docket No. 39 at 12 (representation by defense counsel that Defendants had "misunderstood their production obligations" until after the motion to compel was filed). Second, Defendants support their opposition brief with newly-drafted declarations stating only that they "searched for relevant documents in my text messages, direct messages, instant messages, chat logs, other communication platforms such as Facebook Messenger, or other social media accounts." *See, e.g.*, Docket No. 39-3 at ¶ 35. What is absent is the detail required as to the nature of those searches to enable judicial oversight. "An appropriately detailed accounting of the search conducted is especially critical in the context of searches for electronically stored information." *V5 Technologies*, 332 F.R.D. at 367. Bald assertions of searching a source of electronically stored information falls well short. *Id.* The conclusory recitations provided to date are insufficient.

Accordingly, the Court will grant this aspect of the motion to compel. Defendants must provide a detailed declaration as to the searches conducted, on a request-by-request basis, by June 23, 2021.

B. <u>Social Media Material</u>

The motion to compel seeks an order requiring production of responsive social media and other direct messages. *See* Docket No. 37 at 21-22. Defendants had previously resisted such disclosure on the ground that Ms. Butler's Facebook account had been shut down. *See, e.g.*, Docket No. 39 at 7. Plaintiff argues that such assertion is insufficient in light of, *inter alia*, the potential of other social media accounts, including a new Facebook account created thereafter. *See* Docket No. 41 at 6. Although there remains some dispute as to the availability of material in the

---

[2] Although *V5 Technologies* arose in the context of nonparty discovery, the standards apply equally in the context of party discovery. *See* 332 F.R.D. at 366 n.10.

now-closed Facebook account, as noted above, Defendants' response to the motion to compel represents that they had "misunderstood their production obligations" with respect to social media and direct messages and that they are in the process of preparing the production of additional documents. Docket No. 39 at 12.

Given the circumstances, the Court will grant this aspect of the motion to compel. Defendants must produce responsive social media material by June 23, 2021. Moreover, consistent with the preceding section of this order, Defendants must provide a detailed declaration as to the searches conducted for such material and as to their contentions regarding materials lost due to the closing of the identified Facebook account. *Cf. MetroPCS*, 2020 WL 127550, at *2 ("To the extent any responsive documents from those sources have not been preserved, then Defendants must set forth sworn declaration explaining the circumstances and date they lost the documents").[3]

C. Confidentiality Agreements

The motion to compel seeks an order requiring production of confidentiality agreements. Docket No. 37 at 21. Some responsive material was produced after the motion was filed. *See* Docket No. 39 at 11. In reply, Plaintiff claims this recent production is deficient. Docket No. 41 at 7. The Court declines to address this dispute on a rolling basis. At bottom, Defendants do not dispute that the production was deficient at the time the motion to compel was filed.[4] Given the circumstances, the Court will grant this aspect of the motion to compel. Defendants must produce all responsive confidentiality agreements by June 23, 2021. Moreover, consistent with the preceding section of this order, Defendants must provide a detailed declaration as to the searches conducted for such material.

---

[3] For the first time in reply, Plaintiff asks for an order regarding Facebook material posted on May 10, 2021 (*i.e.*, after the motion to compel was filed). Such a request is premature given that a meet-and-confer has not been conducted as to these materials. *See, e.g.*, Local Rule 26-6(c). Moreover, the Court does not address issues raised for the first time in reply. *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996). Hence, the Court expresses no opinion on this issue.

[4] The Court is not persuaded by Defendants' intimations that the meet-and-confer was not sufficient as to this issue. *See, e.g.*, Docket No. 39 at 2.

### D. Forensic Examination

Plaintiff seeks an order that Defendants must preserve computers, cell phones and other devices that may be subject to a forensic examination if Defendants fail to comply with the Court's orders. *See* Docket No. 37 at 22-23. Plaintiff does not sufficiently explain why such relief is warranted. Defendants already have a duty to preserve discoverable information, *see, e.g.*, *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 990 (N.D. Cal. 2012), and parties are required to comply with discovery orders without the need for instruction that they must do so, *see, e.g.*, Fed. R. Civ. P. 37(b)(2)(A). Moreover, Plaintiff makes this request in a single sentence without meaningful discussion. *See* Docket No. 37 at 22-23; *see also Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013) (courts do not address arguments presented without meaningful development). Having been presented with no meaningful discussion providing a basis for relief, this aspect of the motion to compel will be denied without prejudice.

### E. Request for Expenses

Plaintiff lastly asks for "authorization" to file a motion for attorneys' fees pursuant to Rule 37. Docket No. 37 at 23. The Court is unaware of a requirement that a party obtain permission to seek fees. *Cf. Mkhitaryan v. U.S. Bank, N.A.*, 2013 WL 211091, at *2 (D. Nev. Jan. 18, 2013) ("the Court was required to allow Plaintiffs to submit an application for fees and expenses"). To the extent Plaintiff believes it has appropriate grounds for such relief and wishes to obtain that relief, it may simply file a motion. Any such motion must be filed by June 23, 2021. The Court expresses no opinion herein on whether such a motion for attorneys' fees will be granted.

## IV. NOTE TO COUNSEL

The instant motion practice is rife with snark that is tangential, at best, to the instant discovery dispute. The Court is not impressed by such grousing. Moving forward, counsel must strive to limit their papers to arguments and representations that are directly related to the dispute at hand. Counsel must also resist throwing shade on the opposing party or opposing counsel. *See, e.g.*, Local Rule 1-1(c).

## V. CONCLUSION

For the reasons discussed above, the motion to compel is **GRANTED** in part and **DENIED** without prejudice in part.

IT IS SO ORDERED.

Dated: June 9, 2021

                                                          Nancy J. Koppe
                                                          United States Magistrate Judge